## J. L. SHEPPARD v. THE STATE.

1. GAMING.—The Penal Code divides prohibited games into two classes: 1st, playing cards at particular places; and, 2d, gaming tables or banks everywhere.

2. SAME — INDICTMENT.— After stating time and place, an indictment charged that the accused "did unlawfully play at a game with cards at a public house, to wit, in the back room of the store-house of S. & O., partners in trade," etc. The accused excepted to the indictment for insufficiency, because it did not allege that the back room of the store-house was a "public place." *Held*, that the exception was correctly overruled, inasmuch as a store-house is one of the species of houses wherein gaming is expressly prohibited by the Penal Code.

3. SAME—EVIDENCE.—The proof showed that between the main room of the store and the back room, where the playing was done, there was an open door-way without a shutter; that the back room was used as a bed-room by the clerk of the store, and that customers had free access to the fire-place in it. *Held*, that this proof showed the back room to have been used for the purposes of the store, and thus sustains the conviction. It was not. necessary either to allege or to prove the ownership of the store-house.

APPEAL from the District Court of Titus. Tried below before the Hon. JAMES H. ROGERS.

The opinion states the case. After it was rendered, appellant's counsel moved for a rehearing, but the motion was overruled.

*George T. Todd*, for the appellant, cited *Shihagan* v. *The State*, 9 Texas, 431; *State* v. *Alvey*, 26 Texas, 156; and *Holtzclaw* v. *The State*, 26 Texas, 682.

*George McCormick*, Assistant Attorney General, for the State.

ECTOR, Presiding Judge. The appellant was indicted in the district court of Titus county for playing at a game with cards. He was convicted, and his punishment assessed at $10. We deem it necessary to give the charging part of

the indictment, which is as follows: "That, on the 20th day of November, in the year of our Lord one thousand eight hundred and seventy-four, in the county of Titus and state aforesaid, one John L. Sheppard did unlawfully play at a game with cards at a public house, to wit, in the back room of the store-house of Sheppard & Olive, copartners in trade, and consisting of John L. Sheppard and Judson Olive, in the town of Wheatville, in said county, with divers persons to the jurors unknown, against the peace and dignity of the state."

The appellant excepted to the indictment, and moved the court to quash it, because the same was wholly insufficient in law. And for special exceptions he says:

"1st. The place, to wit, the back room, etc., where the game is alleged to have occurred, is not charged to have been then and there a public place.

"2d. It is not alleged with whom the game was played, if with any one, or that the other participants therein are unknown to the grand jury.

"3d. As appears from the bill, only a portion of the members of the firm of Sheppard & Olive are set out; and for other errors apparent."

The motion of the appellant to quash the indictment was overruled, and this is assigned as error. The prohibited games are divided into two classes, to wit: "1st, playing cards in particular places; 2d, gaming tables or banks everywhere." This indictment is found under Article 2044 of the Criminal Code (Pasc. Dig.), which reads as follows: "If any person shall play at any game with cards at any house for retailing spirituous liquors, store-house, tavern, inn, or any other public house, or in any street, highway, or other public place, or in any out-house where people resort, he shall be fined not less than ten, or more than twenty-five dollars." Where the indictment charges that A B did play at a game with cards at a store-house,

20

giving time and venue, a "store-house" being one of the species of houses in which gaming is prohibited, it is sufficiently definite. A "store-house" is not used in the Code as a generic term, but to indicate one of the species of houses in which gaming is prohibited.

Certain houses are declared by the statute to be public houses, and such (as the one now under consideration) the law regards as public houses, of which the courts will take notice without any averment of their character as such— as houses for retailing spirituous liquors, store-houses, taverns, etc.

In the exceptions taken by appellant in the court below to the indictment, no exception to it was taken because it did not charge the playing to have been done at a public house. We believe the allegation that the appellant "did play at a game with cards at a public house, to wit, in the back room of the store-house of Sheppard & Olive," giving time and venue, sufficiently charges that the playing was done at a store-house, and, under the pleadings in this case, that appellant's motion to quash should have been overruled.

The proof showed that the back room of the store-house, where the playing with cards was done by appellant, was separated from the main store-room by a partition wall. There was a door-way leading from the main room, in which the goods were kept and sold, to the back room, in which the game was played; that there was no shutter to the door between these rooms; that the said back room, at the time the cards were played, was used as a bed-room of the clerk who was then keeping the store; that there was a fire-place in the back room, where the customers of the store were allowed to pass in and warm, in cold weather, without let or hindrance.

It was not necessary for the indictment to charge, or the state to prove, that the store-house was the property of

Sheppard & Olive, or that the store-house was occupied by them, or that they were copartners in trade. In the indictment under consideration such allegations were surplusage, and need not have been proved. The indictment is good without them. *Prior* v. *The State,* 4 Texas, 383; *Sublett* v. *The State,* 9 Texas, 55; *Wilson* v. *The State,* 5 Texas, 22.

We find no error in the charge of the court, or in the court's refusing to give the charge asked by the counsel of appellant. We believe the testimony shows that the back room, in which the playing was done, was connected with, and used for the purposes of, the store, as hereinbefore stated, and sustains all the material allegations in the indictment. The judgment of the court below is, therefore, affirmed.

*Affirmed.*